UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-2505-KK** | Date: | August 12, 2019 |
| Title: | *Claudette C. Walter v. Andrew Saul, Commissioner of Social Security*[1] | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed For Failure to Prosecute and Comply With Court Orders

## I.
## BACKGROUND

On November 28, 2018, Plaintiff Claudette C. Walter ("Plaintiff") filed a Complaint challenging the denial of her applications for Disability Insurance Benefits and Title XVI Supplemental Security Income by the Commissioner of the Social Security Administration ("Defendant"). ECF Docket No. ("Dkt.") 1.

On December 14, 2018, the Court issued a Case Management Order ("CMO") setting various dates, including the date by which Plaintiff was required to serve her portion of a Joint Stipulation on Defendant and the date by which the parties were to file a Joint Stipulation with the Court. Dkt. 8.

On May 8, 2019, Defendant filed an Answer to the Complaint and lodged a copy of the Certified Administrative Record with the Court. Dkts. 15, 16. Accordingly, Plaintiff was required to serve her portion of the Joint Stipulation on Defendant no later than June 12, 2019, and the Joint Stipulation was due to be filed with the Court on or before August 6, 2019. See Dkt. 8, CMO.

---

[1] The Court substitutes Andrew Saul, Commissioner of Social Security as Defendant in this action. Fed. R. Civ. P. 25(d).

As of the date of this Order, a Joint Stipulation has not been filed and the parties have not requested an additional extension of time to do so.

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action with prejudice for failure to prosecute or failure to comply with any court order. See Fed. R. Civ. P. 41(b).

Here, Plaintiff has failed to file the Joint Stipulation as ordered by the Court on December 14, 2018. Consequently, under Rule 41(b), the Court may properly dismiss the instant action with prejudice for failure to prosecute and comply with a court order. However, before dismissing this action, the Court will afford Plaintiff an opportunity to explain the failure and immediately file the Joint Stipulation with the Court.

## III.
## ORDER

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with court orders. Plaintiff shall have up to and including **August 19, 2019**, to respond to this Order. **Plaintiff is cautioned that failure to timely file a response to this Order will be deemed by the Court consent to the dismissal of this action with prejudice.**

**IT IS SO ORDERED.**