UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDETTE W.,[1]<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW SAUL,[2] Commissioner of Social Security,<br><br>  Defendant. | Case No. EDCV 18-2505-KK<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

## I.

## **INTRODUCTION**

Plaintiff Claudette W. ("Plaintiff")'s counsel, Bill LaTour of The Law Offices of Bill LaTour ("Counsel"), filed a Motion for Attorney Fees ("Motion") pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). The Motion seeks an award of $25,134.40[3] for representing Plaintiff in an action to obtain disability insurance benefits with a

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Court substitutes Andrew Saul, the current Commissioner of Social Security, as Defendant in this action. FED. R. CIV. P. 25(d).

[3] In two instances, Counsel states the award amount as $25,139.25. Dkt. 26 at 1. However, it appears Counsel is seeking the amount of $25,134.40. Id. at 4, 5, 8, 9; Dkt. 26 at 10, Declaration of Bill LaTour, ¶ 4, Ex. 13.

1 reimbursement to Plaintiff of $4,648.70[4] for the Equal Access to Justice Act
2 ("EAJA") fees previously awarded. The parties have consented to the jurisdiction of
3 the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For
4 the reasons stated below, the Court GRANTS the Motion.

## II.

## RELEVANT BACKGROUND

7 On November 28, 2018, Plaintiff filed the Complaint in this action. ECF
8 Docket No. ("Dkt.") 1, Compl. Plaintiff alleged the Commissioner of the Social
9 Security Administration ("Defendant") improperly denied Plaintiff's applications for
10 Title II Disability Insurance Benefits ("DIB"). Id.

11 On November 18, 2019, the Court entered Judgment reversing the decision of
12 Defendant and remanding the case for further administrative proceedings. Dkt. 22,
13 Order; Dkt. 23, Judgment.

14 On December 19, 2019, the Court issued an order approving the parties'
15 stipulation awarding EAJA fees to Counsel in the amount of $4,648.70. Dkt. 25,
16 Order Approving EAJA Fees.

17 On November 30, 2020, Counsel filed the instant Motion pursuant to Section
18 406(b) seeking attorney fees in the amount of $25,134.40. Dkt. 26, Mot. Counsel
19 states 19.58 hours of attorney[5] and 3.08 hours of paralegal time were spent
20 representing Plaintiff in federal court. Id. at 10, Declaration of Bill LaTour ("LaTour
21 Decl."), ¶ 5, Ex. 9. Counsel seeks compensation pursuant to a contingency agreement
22 dated November 9, 2018, which "allows [Plaintiff's] attorney to apply for a full 25%
23 of [Plaintiff's] back award for attorney fees pursuant to 42 U.S.C. § 406(b) [for

---

[4] The EAJA fees award is described as $4,638.70. Dkt. 26 at 1, 5, 6, 7, 8, 9. However, the Court awarded EAJA fees in the amount of $4,648.70. Dkt. 25.

[5] Counsel states he spent a total of 19.58 hours representing Plaintiff in federal court. Dkt. 26 at 10, Declaration of Bill LaTour, ¶ 5, Ex. 9. It appears, however, the sum of the hours Counsel spent representing Plaintiff in federal court amounts to 20.4 hours. Id.

2

1  representing [Plaintiff] in federal district court][.]" LaTour Decl., ¶ 2, Ex. 5 (emphasis
2  in original).
3       On December 4, 2020, Counsel served Plaintiff with a copy of the Motion.
4  Dkt. 26 at 12.  Counsel informed Plaintiff she had a right to file a response to the
5  Motion.  Id. at 2.  Neither Defendant nor Plaintiff filed a response to the Motion.
6       The matter thus stands submitted.

## III.
## DISCUSSION

**A.   APPLICABLE LAW**

Pursuant to Section 406(b):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).  Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."  Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002).

Where a claimant entered into a contingent fee agreement with counsel, a court must apply Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel."  Id. at 793.  A court should not use a "lodestar method," under which a district court "determines a reasonable fee by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc).  Rather, where the claimant and counsel entered into a lawful contingent fee

3

1  agreement, courts that use the "lodestar" method as the starting point to determine
2  the reasonableness of fees requested under Section 406(b) improperly "reject the
3  primacy of lawful attorney-client fee agreements."  Gisbrecht, 535 U.S. at 793.  Thus,
4  courts should not apply lodestar rules in cases where the claimant and counsel reached
5  a contingent fee agreement because:
6      [t]he lodestar method under-compensates attorneys for the risk they
7      assume in representing [social security] claimants and ordinarily produces
8      remarkably smaller fees than would be produced by starting with the
9      contingent-fee agreement.  A district court's use of the lodestar to
10     determine a reasonable fee thus ultimately works to the disadvantage of
11     [social security] claimants who need counsel to recover any past-due
12     benefits at all.
13 Crawford, 586 F.3d at 1149.
14     However, even in contingency fee cases, a court has "an affirmative duty to
15 assure that the reasonableness of the fee [asserted by counsel] is established."  Id.  The
16 court must examine "whether the amount need be reduced, not whether the lodestar
17 amount should be enhanced."  Id.  The court may consider factors such as the
18 character of the representation, the results achieved, the ratio between the amount of
19 any benefits awarded and the time expended, and any undue delay attributable to
20 counsel that caused an accumulation of back benefits in determining whether a lawful
21 contingent fee agreement is reasonable.  See Gisbrecht, 535 U.S. at 808; Crawford,
22 586 F.3d at 1151.
23     Additionally, the Court must determine whether a previously awarded EAJA
24 fee should be refunded to Plaintiff in the event both Section 406(b) and EAJA fees
25 are awarded.  "Congress harmonized fees payable by the [Agency] under EAJA with
26 fees payable under § 406(b) out of the claimant's past-due Social Security benefits in
27 this manner: Fee awards may be made under both prescriptions, but the claimant's
28

4

attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Gisbrecht, 535 U.S. at 796.

**B.     ANALYSIS**

Here, Counsel seeks a reasonable fee under Section 406(b).  Plaintiff retained Counsel to represent her in federal court in her appeal from the administrative denial of benefits and agreed to pay Counsel a contingent fee of twenty-five percent of any past due benefits obtained for work performed in court.  See LaTour Decl., ¶ 2, Ex. 5. Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of the fee Counsel seeks.

The record discloses no issue regarding the quality or efficiency of Counsel's representation before this Court, or any misconduct or delay by Counsel.  Counsel obtained a favorable outcome for Plaintiff, ultimately resulting in a remand for further administrative proceedings and an award of past due benefits.  See dkt. 23, Judgment; LaTour Decl., ¶ 4, Ex. 13.  Further, the total time expended to litigate this case, i.e. 22.66 hours, was reasonable and within the approved range for social security disability cases.  See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range").

In addition, a fee of $25,134.40 based on 19.58 hours of attorney and 3.08 hours of paralegal time is reasonable.  See LaTour Decl., ¶ 5, Ex. 9.  The Court finds Counsel's effective hourly rate of approximately $1,109.20[6] reasonable under the circumstances.  See Villa v. Astrue, No. CIV S-06-0846 GGH, 2010 WL 118454, at *1–2 (E.D. Cal. Jan. 7, 2010) (approving Section 406(b) fees exceeding $1,000.00 per hour, and noting "[r]educing [Section] 406(b) fees after Crawford is a dicey business"). Further, post-Gisbrecht decisions have approved contingency fee agreements yielding

---

[6] The Court's calculation is achieved by dividing $25,134.40 by 22.66 hours of time.

substantially higher hourly rates to the rate Counsel seeks.  See, e.g., Daniel v. Astrue, No. EDCV 04-01188-MAN, 2009 WL 1941632, at *2–3 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour); see also Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (finding "an hourly rate of $1,546.39 for attorney and paralegal services" is reasonable).  Hence, in light of the hours Counsel expended, the Section 406(b) fee award amount Counsel requests would not represent an unfair windfall to Counsel.

Finally, nothing in the record suggests any overreaching in the making of the fee agreement or any impropriety on the part of Counsel in representing Plaintiff.  Counsel assumed the risk of nonpayment inherent in a contingency agreement and Counsel's efforts proved successful for Plaintiff.  Accordingly, the Court finds the Section 406(b) fees Counsel requests reasonable.

## IV.
## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** (1) Counsel's Motion for Attorney Fees Pursuant to Section 406(b) is **GRANTED**; (2) Defendant is directed to pay Counsel the sum of $25,134.40 with a reimbursement to Plaintiff for EAJA fees previously awarded in the amount of $4,648.70.

Dated: January 05, 2021

HONORABLE KELLY KIYA KATO
United States Magistrate Judge